UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID C. PATKINS,

    Plaintiff,

  v.

A. LISK,

    Defendant.

Case No. 16-cv-04347-EMC

**ORDER OF SERVICE**

### I. INTRODUCTION

David C. Patkins, an inmate at the Correctional Training Facility in Soledad, California, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. The complaint is now before the Court for review under 28 U.S.C. § 1915A.

### II. BACKGROUND

In his complaint, Mr. Patkins alleges that correctional officer (C/O) A. Lisk retaliated against him because of his exercise of his First Amendment rights. The complaint alleges the following:

Mr. Patkins has worked as a morning cook at the prison since April 2014, and C/O Lisk has worked in the culinary department but is not his supervisor. C/O Lisk verbally insulted Mr. Patkins for a long time. On November 10, 2014, C/O Lisk called Mr. Patkins a thief when he was putting an apple in his lunch bag. He complained to C/O Lisk that she was constantly harassing him. They argued, and Mr. Patkins said he would file a complaint if she kept harassing him. Because of this, C/O Lisk thereafter retaliated against him in numerous ways. Her retaliatory actions included causing Mr. Patkins to get the worst job assignments; occasionally causing him to miss his meals; occasionally causing him to miss work; on several occasions writing false rule

violation reports against him; denying him access to priority ducats for mandatory appointments; and trying to get his cellmate to move out. Mr. Patkins wrote several inmate appeals during the course of the retaliation, but these did not end C/O Lisk's retaliatory efforts.

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

An inmate has a First Amendment right to file grievances against prison officials without being subjected to retaliation in response thereto. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Liberally construed, the *pro se* complaint states a cognizable claim against C/O Lisk for retaliation, as she allegedly took numerous adverse actions against Mr. Patkins in response to both his statement of intent to file an inmate appeal and the inmate appeals that he did file.

### IV. CONCLUSION

1. The complaint states a cognizable claim against the only defendant, C/O Lisk, for retaliation.

2

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon correctional officer A. Lisk, who apparently is employed at the Correctional Training Facility in Soledad.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a. No later than **March 10, 2017**, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the court prior to the date the motion is due. If defendant files a motion for summary judgment, defendant must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time she files such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **April 3, 2017**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

c. If defendant wishes to file a reply brief, the reply brief must be filed and served no later than **April 17, 2017**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict

3

> the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

5. All communications by Plaintiff with the Court must be served on a Defendant's counsel by mailing a true copy of the document to the Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to the Defendant, but once a Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that Defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED**.

Dated: January 9, 2017

_____
EDWARD M. CHEN
United States District Judge