UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID C. PATKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>A. LISK,<br><br>    Defendant. | Case No. 16-cv-04347-TSH<br><br>**ORDER RE MOTION TO FILE SUPPLEMENTAL COMPLAINT**<br><br>Re: Dkt. No. 44 |

Plaintiff David C. Patkins requests leave to supplement his Complaint to add an additional Defendant. ECF No. 44. Having considered the Parties' arguments, the Court **GRANTS** Plaintiff leave to supplement.

## I.  BACKGROUND

Patkins' Complaint alleges that A. Lisk, a correctional officer previously employed by the California Department of Corrections and Rehabilitation ("CDCR") at the Correctional Training Facility ("CTF") in Soledad, California retaliated against him for exercising his First Amendment rights. Specifically, Patkins alleges that Lisk was his work supervisor in the culinary department at CTF, and that Lisk was, among other things, verbally abusive to him, harassed him and his cell mate, and accused him of stealing. Patkins complained to Lisk that she was harassing him and told Lisk he intended to file a complaint if she continued to do so. After this, Lisk retaliated against Patkins in numerous ways, including, among other things, by causing him to receive bad job assignments, occasionally causing him to miss his meals and work, and on several occasions writing false Rule Violation Reports ("RVRs") against him. Patkins wrote several inmate appeals during the course of the Lisk's conduct, but these did not put an end to the conduct.

On January 9, 2017, the Court screened Patkins' Complaint pursuant to 28 U.S.C. §

1    1915A(a) and found that, liberally construed, it stated a cognizable claim against Lisk for

2    retaliation, "as she allegedly took numerous adverse actions against [] Patkins in response to both

3    his statement of intent to file an inmate appeal and the inmate appeals that he did file."  ECF No. 4

4    at 4.

5        Sometime in or around April 2020, Lisk retired, which, as Patkins puts it, "stripp[ed] her of

6    the ability to perform the equitable relief Patkins requests in this action"—the expungement or

7    reversal of the RVRs he alleges Lisk improperly filed against him.  Patkins moves pursuant to

8    Federal Rule of Civil Procedure 15(d) for leave to supplement his complaint to add Craig Koenig,

9    warden of CTF, as a defendant.  Patkins affirms that he seeks to add Koenig solely for purposes of

10   providing whatever equitable relief might be ordered by the Court.  According to Patkins, Koenig

11   has the power to expunge or remove the RVRs in question from Patkins' CDCR file.

## II.  DISCUSSION

Patkins moves to supplement his Complaint pursuant to Rule 15(d), which provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

"Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings."  *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (citing Fed. R. Civ. P. 15, advisory committee's note).  "The rule is a tool of judicial economy and convenience," and "[i]ts use is therefore favored."  *Keith*, 858 F.2d at 473.

Defendant argues that there has been no "transaction, occurrence, or event that happened after the date of the pleading" which makes leave to supplement appropriate.  According to Defendant, from the beginning Patkins failed to name a defendant capable of providing the requested injunctive relief because Lisk was not an administrator and not capable of altering the relevant records, retired or not.  Thus, Defendant's reasoning goes, Lisk's retirement changes nothing.  The Court disagrees.  It is plain that Lisk's retirement is an "event" that fits under the purview of Rule 15(d).  To demonstrate, it is possible that Lisk was unable to expunge the

1 RVRs—a legal question which is not at all clear at this point and which Defendant has teed up for
2 summary judgment—but since she has retired, she is now very clearly unable to.  There's been a
3 change of circumstances that's occurred beyond Patkins' control.  Also, even if Lisk would have
4 been unable to grant Patkins relief, that wouldn't change things, as a court "may permit
5 supplementation even though the original pleading is defective in stating a claim or defense."  Fed.
6 R. Civ. P. 15(d); 6A Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1507 (3d ed.) ("[T]he 1963
7 amendment to Rule 15(d) [] makes it clear that a supplemental pleading may cure a defective
8 original pleading.").

9       Furthermore, Defendant will not be prejudiced by Patkins being allowed to amend.
10 Patkins affirms that he does not intend to add any new claims, amend existing claims, assert new
11 facts as the bases of existing claims, or seek new discovery.  Mot. at 6 ("Patkins does not propose
12 adding any additional facts nor claims.  He does not seek to depose Koenig nor compel him to
13 provide additional discovery.").  He moves only to name a new individual so that if it is
14 determined that Defendant unlawfully retaliated against him, he might get the relief he seeks.  The
15 Court fails to see how allowing Patkins to add Koenig as a named defendant will "expand
16 considerably" the scope of the Complaint, if at all, or necessitate any new discovery, or require
17 Defendant to dramatically change trial strategy or retool summary judgment briefing (other than to
18 perhaps truncate arguments on whether injunctive relief can be granted).  To the extent problems
19 arise due to Koenig choosing to retain his own counsel instead of requesting representation by the
20 Attorney General—a prospect the Court finds exceedingly unlikely—those issues can be dealt
21 with when if and when they arise.  On the other hand, if the Court were to deny Patkins' motion, it
22 would effectively seal the fate of Patkins' injunctive relief.  On balance then, justice is served by
23 allowing Patkins to amend.

24       Accordingly, Patkins motion is granted.  By October 8, 2020, Patkins may file a
25 supplemental complaint to add Craig Koenig as a named Defendant.

26       **IT IS SO ORDERED.**

27

28 Dated: September 28, 2020

3

THOMAS S. HIXSON
United States Magistrate Judge