1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11
12
13
14
15
16
17

DAVID PATKINS,

           Plaintiff,

     v.

CRAIG KOENIG, et al.,

           Defendants.

Case No. 16-CV-04347-LHK

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 68

18
19
20
21
22
23

Plaintiff David Patkins ("Plaintiff"), who is incarcerated at the Correctional Training Facility ("CTF") in Soledad, California, sues A. Lisk ("Lisk"), who was a correctional officer at CTF, and Craig Koenig ("Koenig"), who is the warden of CTF (collectively, "Defendants"). Before the Court is Defendants' motion for summary judgment, ECF No. 68. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion for summary judgment.

**I.      BACKGROUND**

24

   **A.  Lisk's Alleged Harassment of Plaintiff**

25
26
27

In April 2014, Plaintiff became a morning cook at CTF. Compl. at 5. During the time that Plaintiff was working as a morning cook, Lisk worked in the culinary department but was not

28

Case No. 16-CV-04347-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

1  Plaintiff's supervisor. *Id.*

2      Plaintiff alleges that Lisk began harassing Plaintiff by using "disrespectful and demeaning

3  language." *Id.* Plaintiff normally did not respond to Lisk's alleged harassment. *Id.* However, on

4  November 10, 2014, Lisk observed Plaintiff placing an apple in his lunch bag. *Id.* at 7. According

5  to Plaintiff, Lisk called Plaintiff a thief, took Plaintiff's lunch, and "abus[ed] the lunch by

6  throwing it." *Id.* Plaintiff alleges that Plaintiff told Lisk: "You constantly harass me. If I deserve a

7  scolding, or a write-up, then fine, but if you keep harassing me I[']m going to file a complaint." *Id.*

8  Lisk allegedly responded to Plaintiff by saying: "Don't f*** with me dude, I'm going to write you

9  up." *Id.*

10      According to Plaintiff, Plaintiff's threat to file a complaint and later filing of three

11  complaints against Lisk led Lisk to retaliate against Plaintiff in various ways. *Id.* at 7–12. Lisk

12  attempted to "sow[] discord" between Plaintiff and the other inmates. *Id.* at 6.

13      For example, when Lisk found out that Plaintiff had filed a complaint against Lisk, Lisk

14  allegedly told other inmates who were working in the kitchen that "nobody gets extras, and only

15  one sealed state lunch goes out, because [Plaintiff] wrote a 602 [complaint against Lisk]." *Id.* at 8;

16  Blanton Decl. ¶ 2. One inmate, Ricky Blanton, alleged that Blanton and the other inmates in the

17  culinary department heard Lisk's statement and reacted to the statement as follows: "After hearing

18  this, I was furious at [Plaintiff] because I believed [Plaintiff's] decision to file a complaint against

19  A. Lisk deprived me of leftover food. Other inmates told me that they were similarly enraged.

20  Together, the other inmates working in the culinary department, apart from [Plaintiff], discussed

21  finding a way to either physically harm [Plaintiff] for revenge or get [Plaintiff] fired so that

22  [Plaintiff's] presence would not cause A. Lisk to withhold leftover food from us." Blanton Decl. ¶

23  3. Following this incident, Plaintiff alleges that Plaintiff "had several confrontations" with other

24  inmates, which caused Plaintiff "significant emotional distress." *Id.*

25      Additionally, on March 9, 2015, Lisk allegedly "orchestrated a scenario" that summoned

26  Plaintiff's cellmate, Garrett, for questioning by a lieutenant with Lisk present. *Id.* at 5, 9; Garrett

27

2

28  Case No. 16-CV-04347-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT

Decl. The lieutenant allegedly asked Garrett whether Plaintiff was bullying Garrett and whether Garrett wanted to move from Plaintiff's cell. *Id*. Lisk also allegedly offered Garrett a job in culinary if Garrett moved from Plaintiff's cell. *Id*. Garrett stated that Garrett was "frightened" and "wanted nothing to do with the known circumstances – ongoing retaliation – involving C/O A. Lisk and [Plaintiff]." *Id*.

Lisk also allegedly interfered with Plaintiff's job in various ways. Specifically, Plaintiff alleged that Plaintiff was given "the worst job assignments" by the supervising cooks. Compl. at 7. On February 4, 2015, Lisk allegedly lied that Plaintiff was "dirty" and "contaminating the food." *Id*. at 8–9. Moreover, Plaintiff was allegedly denied access to work on February 7 to 9, 2015 and on March 10, 2015. *Id*. at 9. According to Plaintiff, denying him access to work was part of a "conspiracy" by Lisk and the culinary clerk to have Plaintiff fired. *Id*. Furthermore, Lisk allegedly told Plaintiff to leave work on one occasion. In addition, Plaintiff alleged that Lisk conspired with the culinary clerk and other staff to have Plaintiff fired, and Plaintiff was marked absent from work without pay on March 10, 2015, April 10, 2015, and May 16, 2015. *Id*. at 10. Plaintiff also alleged that Plaintiff was given "a pay decrease" because of his "missing hours." *Id*. at 12.

In addition, Lisk allegedly denied Plaintiff access to priority ducats, which are permissions for medical, counselor, or legal appointments. *Id*. at 6, 9. Lisk also allegedly denied Plaintiff state issued lunches on numerous occasions. Specifically, Lisk allegedly denied Plaintiff pre-packaged lunches on March 9, 2015, April 5, 2015, April 7, 2015, and other occasions, which at least one other inmate witnessed. Compl. at 7, 10; Kela Decl. ("I, Aprim Kela also witnessed corrections officer A. Lisk confiscate the lunch of inmate David C. Patkins."). Plaintiff also alleges that Lisk "would leave her assigned post to deny Plaintiff his morning meal." *Id*. at 11.

Plaintiff alleges that Lisk engaged in excessive searches of Plaintiff. *Id*. at 6. Specifically, Plaintiff alleges that Lisk searched Plaintiff 3 to 4 times a day during times that interfered with Plaintiff's job and without doing comparable searches on other inmates. *Id*.

Finally, Lisk allegedly filed three Rules Violations Reports ("RVRs") against Plaintiff that

United States District Court
Northern District of California

Case No. 16-CV-04347-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff alleges were unfounded. First, the December RVR, which charged Plaintiff with theft of state food, alleges that Lisk had told kitchen workers that they could take only one lunch out of the culinary, but Lisk observed Plaintiff with a lunch bag full of food items that were served at the morning meal. Compl. Exh. A at 6. A hearing was held on the RVR, and Ramirez, who was the cook on duty that day, testified that he had permitted the kitchen workers, including Plaintiff, to take leftover food. *Id*. at 8. Another inmate testified that multiple inmates took leftover food based on Ramirez's permission. *Id*. at 7. Plaintiff alleges that Lisk stopped the other inmates and "made them go back inside and get rid of the extra food" without giving them an RVR. *Id*. at 7. Lisk filed an RVR against Plaintiff only. *Id*. The hearing officer found Plaintiff not guilty of theft of state food, but guilty of the lesser offense of failure to follow instructions/orders for failing to follow Lisk's instructions to only take one lunch out of the culinary. *Id*. The hearing officer "base[d] this determination on the testimony of . . . Ramirez," who gave Plaintiff leftover food. *Id*.

Second, the April RVR charged Plaintiff with refusing to obey orders. Compl. Exh. B at 5. The April RVR alleges that Lisk saw a cart with a pan with powdered sugar. *Id*. When Lisk walked towards the cart, Plaintiff allegedly stepped in front of the cart to block Lisk from getting to the cart. *Id*. Lisk allegedly asked Plaintiff to step away from the cart twice, but he did not move until asked by another correctional officer, Hart. *Id*. Lisk then allegedly asked Hart what Plaintiff's job was that day, and Hart allegedly responded that Plaintiff had a job that was not near the cart. *Id*. At the hearing on the April RVR, Plaintiff testified that this incident never happened. *Id*. at 7. According to Plaintiff, Lisk issued the April RVR to Plaintiff because Plaintiff filed a grievance against Lisk on April 7, 2015. *Id*. Furthermore, at the hearing, Hart testified that Plaintiff's job did require him to be near the cart. *Id*. at 8. Moreover, at the conclusion of the hearing, the hearing officer found Plaintiff not guilty of refusing to obey orders based on the conflicts between Lisk's allegation and Hart's testimony. *Id*.

Finally, the July RVR charged Plaintiff with possession of unauthorized food products. Compl. Exh. D at 1. Lisk alleged that she saw Plaintiff bagging food. *Id*. Lisk alleged that she

4

asked Hart whether he had given the food to Plaintiff, and Hart said he had not. *Id*. At the hearing on the July RVR, Plaintiff testified that he did not steal the food. *Id*. at 2. Plaintiff testified that Hart allowed him and the other prisoners to divide up leftover food amongst themselves, but, after Lisk saw Plaintiff's food, Hart later told Lisk that he had not given the leftover food to Plaintiff. *Id*. Plaintiff was not permitted to call any witnesses. *Id*. The hearing officer found Plaintiff guilty of theft of state products. *Id*.

**B. Plaintiff's Administrative Complaints Against Lisk**

Defendants state that Plaintiff filed ten administrative complaints. However, two of the administrative complaints included in the record were filed after Plaintiff filed his complaint in the instant case on August 2, 2016. *See* Monroy Decl. Exhs. K (filed September 11, 2016), L (filed November 13, 2016). Thus, Plaintiff filed eight administrative complaints from the time Plaintiff alleges Lisk's retaliatory conduct began on November 10, 2014 to the filing of the complaint in the instant case on August 2, 2016.

Of the eight administrative complaints, the Court need not discuss the following three administrative complaints in this Order. Two of the administrative complaints raised due process challenges against the officers who held hearings on Plaintiff's RVRs, but Plaintiff's Complaint does not raise a due process claim. Monroy Decl. Exhs. G, H. Additionally, one administrative complaint asserts that Plaintiff sought restoration of credits, but Plaintiff's Complaint does not raise this issue and makes clear that the issue was resolved. Monroy Decl. Exh. K; Compl. at 12 (alleging that the lost credits were restored to Plaintiff). Therefore, the Court need not and does not discuss these three administrative complaints in this Order.

Below, the Court discusses the remaining five administrative complaints. First, on January 20, 2015, Plaintiff filed an administrative complaint against Lisk at the second level of review. Compl. Exh. A. Plaintiff's administrative complaint bypassed the first level of review. *Id*. This administrative complaint was given the institutional number CTF-15-00206. *Id*. Plaintiff alleged that Lisk was harassing and retaliating against him. *Id*. at 1. Specifically, Plaintiff alleged that Lisk

United States District Court
Northern District of California

Case No. 16-CV-04347-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

was using "demeaning language" towards Plaintiff, throwing his food, and lying to try to frame

him for misusing food. *Id*. at 1–2. Plaintiff alleges that he told Lisk: "Please stop harassing me or

I[']m going to file a complaint." *Id*. at 2. Lisk allegedly responded to Plaintiff by saying: "Don't

f*** with me dude." *Id*. Plaintiff alleged that "harassment turned to retaliation." *Id*. The retaliation

included "sowing discord" between Plaintiff and other inmates, pitting staff against Plaintiff,

writing a false RVR against Plaintiff, and lying and making false accusations against Plaintiff. *Id*.

On February 7, 2015, CTF-15-00206 was granted in part at the second level of review in that an

inquiry was conducted. *Id*. at 3, 12. On March 20, 2015, Plaintiff appealed to the third level of

appeal. *Id*. at 3. Plaintiff again alleged that Lisk had engaged in retaliation against him, including

by telling the other inmates they would not get extra food because Plaintiff had filed a complaint,

not permitting Plaintiff to work, conspiring to get Plaintiff fired, withholding Plaintiff's lunches,

and orchestrating a scenario to get Plaintiff's cellmate to move. *Id*. at 4. On June 10, 2015,

Plaintiff's third level appeal was denied. *Id*. at 12.

Second, on March 2, 2015, Plaintiff filed an administrative complaint at the first level of

review. Monroy Decl. ¶ 10, Exh. D. This administrative complaint was given the institutional

number CTF-15-00440. Monroy Decl. Exh. D. Plaintiff alleged that Lisk intentionally caused

Plaintiff to be late to priority ducats. *Id*. On May 12, 2015, Plaintiff requested to withdraw the

appeal. *Id*.

Third, on April 7, 2015, Plaintiff filed another administrative complaint at the second level

of review. Compl. Exh. B at 1–2. Plaintiff's administrative complaint bypassed the first level of

review. *Id*. This administrative complaint was given the institutional number CTF-15-00695. *Id*.

Plaintiff again alleged that Lisk had retaliated against him, including by causing discord between

Plaintiff and the other inmates. *Id*. at 1. Plaintiff also alleged that Lisk interfered with his job,

telling him to leave his work, telling staff not to assign him to cooking positions, ransacking his

belongings for stolen goods, and denying him his lunches. *Id*. at 2. On May 5, 2015, CTF-15-

00695 was granted in part in that an inquiry was conducted. *Id*. at 3, 10. On May 31, 2015,

Case No. 16-CV-04347-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT

United States District Court
Northern District of California

Plaintiff appealed to the third level of appeal. *Id*. Plaintiff alleged that Lisk falsely accused him of stealing food, caused unnecessary discord, and filed a RVR against Plaintiff on April 11, 2015 as direct retaliation for his filing of a second administrative complaint. *Id*. at 3–4. On November 16, 2015, Plaintiff's third level appeal was denied. *Id*. at 21.

Fourth, on August 3, 2015, Plaintiff filed another administrative complaint at the second level of review. Compl. Exh. C at 1–2. Plaintiff's administrative complaint bypassed the first level of review. *Id*. This administrative complaint was given the institutional number CTF-15-01819. *Id*. Plaintiff again alleged that Lisk had retaliated against him for filing past complaints against her. *Id*. at 2. Specifically, Plaintiff alleged that Lisk took his lunches, interfered with the performance of his job duties, engaged in unreasonable searches of him, filed unfounded RVRs against him, and sowed discord between Plaintiff and other inmates. *Id*. On September 22, 2015, CTF-15-01819 was granted in part in that an inquiry was conducted. *Id*. at 3, 9. On October 1, 2015, Plaintiff filed a third level appeal. *Id*. Plaintiff again alleged that Lisk had retaliated against him, including by taking his lunches, engaging in excessive searches of Plaintiff, and interfering with his job performance. *Id*. at 4. On November 30, 2015, Plaintiff's third level appeal was denied. *Id*. at 11.

Fifth, on February 9, 2016, Plaintiff filed another administrative complaint at the first level of review. Monroy Decl. Exh. I. This administrative complaint was given the institutional number CTF-16-00292. *Id*. Plaintiff alleged that, on or around November 25, 2015, Culinary Supervising Cooks Hart and Ramirez told Plaintiff he would receive a pay raise, but instead, Plaintiff received a pay decrease. *Id*. Plaintiff alleged that the pay decrease was a result of retaliation involving Lisk. *Id*. On March 18, 2016, CTF-16-00292 was partially granted at the first level of review. *Id*. On May 9, 2016, CTF-16-00292 was denied at the second level of review. *Id*. On July 29, 2016, CTF-16-00292 was granted in part at the third level of review. Moseley Decl. ¶ 12.

### C. Procedural History

On August 2, 2016, Plaintiff, who was *pro se*, filed the instant case and moved for leave to

7

United States District Court
Northern District of California

proceed *in forma pauperis*. ECF Nos. 1 ("Compl."), 2. Plaintiff's Complaint brings one cause of action against Lisk: First Amendment retaliation. Compl. at 5. Plaintiff's Complaint alleges that Lisk took the following 20 retaliatory acts:

- Lisk allegedly bullied Plaintiff. (Claim 1).

- On February 4, 2015, Lisk allegedly "fabricated lies that Plaintiff was dirty, contaminating the food. (Claim 2).

- Lisk allegedly gave Plaintiff "constant evil looks." (Claim 3).

- Lisk allegedly conducted unreasonable searches on Plaintiff. (Claim 4).

- Lisk allegedly told other inmate culinary workers that they would only get one state issued lunch because Patkins had filed a complaint. (Claim 5).

- On February 7 to 9, 2015, Plaintiff was allegedly denied access to work. (Claim 6).

- Lisk allegedly denied Plaintiff access to priority ducats. (Claim 7).

- Lisk allegedly orchestrated a scenario that summoned Plaintiff's cellmate for questioning by a lieutenant on March 9, 2015. (Claim 8).

- Lisk allegedly issued a false RVR against Plaintiff on December 22, 2014. (Claim 9).

- Lisk allegedly issued a false RVR against Plaintiff on April 11, 2015. (Claim 10).

- Lisk allegedly issued a false RVR against Plaintiff on July 30, 2015 (Claim 11).

- Plaintiff was given the worst job assignments. (Claim 12).

- Lisk allegedly conspired with an inmate culinary clerk to get Plaintiff fired. (Claim 13)

- On March 10, 2015, Plaintiff was allegedly denied access to work. (Claim 14).

- On March 10, 2015, April 10, 2015, and May 16, 2015, Plaintiff was marked absent from work without pay. (Claim 15).

- Lisk allegedly told Plaintiff to leave work. (Claim 16).

- Plaintiff's pay was allegedly decreased. (Claim 17).

8

United States District Court
Northern District of California

- Lisk denied Plaintiff lunches. (Claim 18)

- On April 5, 2015 and April 7, 2015, Lisk denied Plaintiff a lunch. (Claim 19).

- Lisk allegedly denied Plaintiff breakfast. (Claim 20).

Compl. at 8–11.

On January 9, 2017, United States District Judge Edward M. Chen of the Northern District of California granted Plaintiff's motion to proceed *in forma pauperis*. ECF No. 3. That same day, Judge Chen issued an order screening the complaint under 28 U.S.C. § 1915A. ECF No. 4. The order concluded that "[l]iberally construed, the pro se complaint states a cognizable claim against C/O Lisk for retaliation, as she allegedly took numerous adverse actions against Mr. Patkins in response to both his statement of intent to file an inmate appeal and the inmate appeals that he did file." *Id*. at 2.

On July 10, 2017, Plaintiff moved for appointment of counsel. ECF No. 11. On July 19, 2017, Lisk moved to dismiss Plaintiff's Complaint. ECF No. 12.

On October 23, 2017, Judge Chen issued an order on both motions. *Patkins v. Lisk*, 2017 WL 4773372 (N.D. Cal. Oct. 23, 2017). First, Judge Chen denied Lisk's motion to dismiss. *Id*. at *1–*5. Judge Chen concluded that Plaintiff had alleged a causal connection between the adverse action and protected conduct because "[t]he complaint reasonably can be read to describe a campaign of retaliation by C/O Lisk after Mr. Patkins' November 10, 2014 protected conduct of threatening to file a complaint." *Id*. at *2. Judge Chen then concluded that Plaintiff had alleged that the RVRs did not serve a legitimate penological goal because Plaintiff alleged that the RVRs were false. *Id*. at *3. Judge Chen also concluded that Plaintiff plausibly alleged a chilling effect. *Id*. at *3–*4. Although Plaintiff continued to submit grievances, Plaintiff did not need to show that he was totally silenced. *Id*. Judge Chen further concluded that Lisk was not entitled to qualified immunity. *Id*. at *4–*5.

In ruling on Plaintiff's motion for appointment of counsel, Judge Chen referred Plaintiff to the Federal Pro Bono Project for counsel to be appointed. *Id*. at *5. The scope of the appointment

9

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1   was limited to representing Plaintiff "in conducting discovery in preparation for motion(s) for

2   summary judgment and in handling/arguing such motion(s)." *Id*. (emphasis omitted). Judge Chen

3   stayed the case "until four weeks from the date an attorney is appointed to represent Plaintiff in

4   this action, or until further order of the Court." *Id*.

5       On November 8, 2017, Judge Chen appointed Lynn Pasahow and Diana Chang of Fenwick

6   and West LLP as Plaintiff's counsel for the limited purpose of "conducting discovery in

7   preparation for motion(s) for summary judgment and in handling and arguing such motions(s)."

8   ECF No. 17 (emphasis omitted). Earl Mah, William Brenc, and Katherine Marshall of Fenwick

9   and West LLP have also served as Plaintiff's counsel. ECF Nos. 18, 24, 64.

10      On January 3, 2020, the parties filed a joint case management statement, which stated that

11  they consented to have a United States Magistrate Judge conduct all further proceedings. ECF No.

12  26 at 4. On January 7, 2020, Judge Chen referred the instant case to a United States Magistrate

13  Judge for all purposes. ECF No. 27. On January 7, 2020, the instant case was reassigned to United

14  States Magistrate Judge Thomas S. Hixson. ECF Nos. 28, 29.

15      On January 14, 2020, Judge Hixson requested that Plaintiff's counsel file a notice

16  indicating whether Plaintiff and his counsel consented to expand the scope of the representation to

17  include assisting Plaintiff with court-sponsored mediation. ECF No. 32. Plaintiff and his counsel

18  filed notices stating that they consented to expanding the scope of the representation. ECF Nos.

19  33, 34. Accordingly, on February 6, 2020, Judge Hixson expanded the scope of the representation

20  to include mediation. ECF No. 35.

21      On August 20, 2020, Plaintiff moved for leave to file a supplemental complaint, which

22  would add CTF Warden Craig Koenig ("Koenig") as a defendant. ECF No. 44. Plaintiff sought to

23  add Koenig as a defendant because Plaintiff was seeking the expungement of the RVRs that Lisk

24  improperly filed against him. Only a current CTF employee can expunge RVRs, and Lisk retired

25  and is no longer a CTF employee. *Id*. On September 28, 2020, Judge Hixson granted Plaintiff's

26  motion to supplement his complaint. ECF No. 50. On September 30, 2020, Plaintiff filed the

United States District Court
Northern District of California

Case No. 16-CV-04347-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT

27

28

1    supplemental complaint that added Koenig as a defendant. ECF No. 52.

2         On November 10, 2020, Koenig declined to have a United States Magistrate Judge conduct

3    all further proceedings. ECF No. 60. On November 12, 2020, the instant case was reassigned to

4    the undersigned judge. ECF No. 62.

5         On December 4, 2020, the parties stipulated to extend the briefing schedule on Defendants'

6    motion for summary judgment. ECF No. 66. On December 8, 2020, the Court granted the parties'

7    stipulation and stayed the instant case. ECF No. 67. On March 3, 2021, the Court lifted the stay.

8    ECF No. 72.

9         On January 11, 2021, Defendants filed the instant motion for summary judgment. ECF No.

10   68 ("Mot."). On February 10, 2021, Plaintiff, represented by pro bono counsel, filed an opposition.

11   ECF No. 69 ("Opp'n"). On February 24, 2021, Defendants filed a reply. ECF No. 70 ("Reply").

12   **II.    LEGAL STANDARD**

13        Summary judgment is proper where the pleadings, discovery, and affidavits show that

14   there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as

15   a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of

16   the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact

17   is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving

18   party. *See id.*

19        The Court will grant summary judgment "against a party who fails to make a showing

20   sufficient to establish the existence of an element essential to that party's case, and on which that

21   party will bear the burden of proof at trial[,] . . . since a complete failure of proof concerning an

22   essential element of the nonmoving party's case necessarily renders all other facts immaterial."

23   *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party bears the initial burden

24   of identifying those portions of the record that demonstrate the absence of a genuine issue of

25   material fact. *Id.* The burden then shifts to the nonmoving party to "go beyond the pleadings, and

26   by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file,

27

28   Case No. 16-CV-04347-LHK
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY
     JUDGMENT

United States District Court
Northern District of California

1    designate specific facts showing that there is a genuine issue for trial." *Id*. at 324 (internal

2    quotations omitted). If the nonmoving party fails to make this showing, "the moving party is

3    entitled to judgment as a matter of law." *Id*. at 323.

4         For purposes of summary judgment, the Court must view the evidence in the light most

5    favorable to the nonmoving party; if the evidence produced by the moving party conflicts with

6    evidence produced by the nonmoving party, the Court must assume the truth of the evidence

7    submitted by the nonmoving party. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999). The

8    Court's function on a summary judgment motion is not to make credibility determinations or

9    weigh conflicting evidence with respect to a disputed material fact. *T.W. Elec. Serv. v. Pac. Elec.*

10   *Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

11   **III.    DISCUSSION**

12        In their motion, Defendants identify 20 retaliatory acts that the Complaint alleges Lisk

13   took. *See* Section I(C), *supra*. According to Defendants, they are entitled to summary judgment on

14   all 20 alleged retaliatory acts for the following three reasons. First, 10 of the acts were not

15   exhausted by Plaintiff under the Prison Litigation Reform Act ("PLRA"). Second, 4 of the acts,

16   which involved the filing of 3 Rules Violation Reports ("RVRs") and searches of Plaintiff,

17   advanced legitimate correctional goals. Third, the remaining 6 acts are insufficient to state a

18   retaliation claim. The Court addresses each of these arguments in turn. The Court then discusses

19   Defendants' arguments that: (1) Plaintiff is not entitled to expungement of his RVRs, and (2) Lisk

20   is entitled to qualified immunity.

21        **A.  Plaintiff exhausted some of his claims.**

22        Defendants first contend that 10 of Plaintiff's claims are barred because they were not

23   exhausted under the PLRA. The PLRA provides that "[n]o action shall be brought with respect to

24   prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined

25   in any jail, prison, or other correctional facility until such administrative remedies as are available

26   are exhausted." 42 U.S.C. § 1997e(a). "[E]xhaustion is mandatory under the PLRA and . . .

27

28   Case No. 16-CV-04347-LHK
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY
     JUDGMENT

*United States District Court*
*Northern District of California*

1   unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 220 (2007). Failure

2   to exhaust is "an affirmative defense the defendant must plead and prove." *Id*. at 204. The

3   defendant "must produce evidence proving failure to exhaust in order to carry [his or her] burden."

4   *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). "If undisputed evidence viewed in

5   the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to

6   summary judgment." *Id*. However, "[i]f material facts are disputed, summary judgment should be

7   denied." *Id*.

8   The PLRA requires proper exhaustion, which "demands compliance with an agency's

9   deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). California

10   state prisoners, like Plaintiff, can "appeal any policy, decision, action, condition, or omission by

11   the department or its staff that the inmate . . . can demonstrate as having a material adverse effect

12   upon his or her health, safety, or welfare." Cal. Code. Regs. tit. 15, §§ 3084.1. There are three

13   levels of review: (1) a review of an inmate's grievance by institutional staff; (2) a review by the

14   institution's hiring authority; and (3) a review by the Office of Appeals in Sacramento, California.

15   Cal. Code. Regs., tit. 15, §§ 3084.1, 3084.7(a)-(d). To exhaust administrative remedies, a prisoner

16   must proceed through all three levels of appeal and receive a decision from the Secretary of the

17   California Department of Corrections and Rehabilitation or his designee. *Id*. §§ 3084.1(b),

18   3084.7(d)(3).

19   "A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the

20   problem for which the prisoner seeks redress." *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir.

21   2010). "To provide adequate notice, the prisoner need only provide the level of detail required by

22   the prison's regulations." *Id*. Under California regulations, California prisoners "shall list all staff

23   member(s) involved and shall describe their involvement in the issue." Cal. Code. Regs., tit. 15, §

24   3084.2(a)(3). California regulations further specify that "[t]he inmate or parolee shall state all facts

25   known and available to him/her regarding the issue being appealed at the time of submitting the

26   [appeal]." *Id*. § 3084.2(a)(4).

27

28   Case No. 16-CV-04347-LHK
    ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY
    JUDGMENT

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In the instant case, Plaintiff filed eight administrative complaints during the relevant time period. *See* Section I(B), *supra*. These administrative complaints made claims about Lisk's alleged retaliation towards Plaintiff between November 2014 and July 2015, while Plaintiff was working as a cook. *Id.* Specifically, Plaintiff's grievances explain how: (1) Lisk allegedly harassed Plaintiff; (2) Plaintiff allegedly asked Lisk to stop harassing him or he would file a complaint against her; and (3) Lisk allegedly retaliated against Plaintiff based on his threat to file a complaint against her. Compl. Exh. A at 2.

According to Plaintiff's administrative complaints, Lisk's alleged retaliation included: (1) lying about Plaintiff; (2) "sowing discord" among Plaintiff and his coworkers; (3) interfering with Plaintiff's job assignment, including attempting to get Plaintiff fired and telling staff not to assign Plaintiff to cooking positions; (4) accusing Plaintiff of disciplinary violations, including theft; (5) filing unfounded Rules Violation Reports ("RVRs") against Plaintiff; (6) ransacking Plaintiff's belongings for stolen goods; and (7) denying Plaintiff lunches. *Id.*; *id.* Exh. B at 1–2; *id.* Exh. C at 1–2.

Defendants contend that Plaintiff's administrative complaints failed to exhaust 10 specific claims of Lisk's alleged retaliation, which Defendants label as Claims 2, 5, 6, 7, 8, 12, 13, 14, 15, and 20:

- On February 4, 2015, Lisk allegedly "fabricated lies that Plaintiff was dirty, contaminating the food. (Claim 2)

- Lisk allegedly told other inmate culinary workers that they would only get one state issued lunch because Patkins had filed a complaint. (Claim 5)

- On February 7 to 9, 2015, Plaintiff was allegedly denied access to work. (Claim 6)

- Lisk allegedly denied Plaintiff access to priority ducats. (Claim 7)

- Lisk allegedly orchestrated a scenario that summoned Plaintiff's cellmate for questioning by a lieutenant on March 9, 2015. (Claim 8)

- Plaintiff was given "the worst" job assignment. (Claim 12).

14

- Lisk allegedly conspired with an inmate culinary clerk to get Plaintiff fired. (Claim 13)

- On March 10, 2015, Plaintiff was allegedly denied access to work. (Claim 14).

- On March 10, 2015, April 10, 2015, and May 16, 2015, Plaintiff was marked absent from work without pay. (Claim 15).

- Lisk allegedly denied Plaintiff breakfast. (Claim 20).

Compl. at 8–11; Mot. at 9–14.

In response, Plaintiff makes two arguments. First, Plaintiff contends that Defendants cannot raise failure to exhaust for the first time at summary judgment. Second, Plaintiff contends that Plaintiff exhausted a majority of the claims that Defendants contend were unexhausted. The Court addresses each argument in turn.

First, Plaintiff contends that Defendant cannot raise failure to exhaust for the first time at summary judgment unless raising this defense would not prejudice Plaintiff. Opp'n at 20. In making this argument, Plaintiff relies on the Ninth Circuit's holding that affirmative defenses cannot be raised unless raising the defense would not prejudice the plaintiff. *See Camarillo v. McCarthy*, 998 F.2d. 638, 639 (9th Cir. 1993) ("In the absence of a showing of prejudice . . . an affirmative defense may be raised for the first time at summary judgment."). However, the Ninth Circuit has stated that failure to exhaust should be raised at summary judgment except "[i]n the rare event that a failure to exhaust is clear on the face of the complaint," in which case failure to exhaust could be raised at the motion to dismiss stage. *Albino*, 747 F.3d at 1166. Accordingly, a lack of prejudice is not required. Nonetheless, even if a lack of prejudice were required, Plaintiff has not shown prejudice. When addressing the prejudice a plaintiff faces when an affirmative defense is raised for the first time on summary judgment, the Ninth Circuit has explained that "[t]here is no prejudice to a plaintiff where an 'affirmative defense would have been dispositive' if asserted 'when the action was filed.'" *Garcia v. Salvation Army*, 918 F.3d 997, 1009–10 (9th Cir. 2019) (quotation omitted). In the instant case, Plaintiff's failure to exhaust is dispositive as to several of his claims. *See* Section III(A)(1)–(9), *infra*.

15

Case No. 16-CV-04347-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1    Second, Plaintiff contends that he exhausted the majority of these claims because the

2    majority of these claims "are merely additional incidents within a category of retaliatory conduct

3    that Defendants concede was exhausted." Opp'n at 24. Indeed, an administrative complaint "need

4    not contain every fact necessary to prove each element of an eventual legal claim." *Griffin v.*

5    *Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). Nor must an administrative complaint "include legal

6    terminology or legal theories unless they are in some way needed to provide notice of the harm

7    being grieved." *Id*. However, an administrative complaint must "alert the prison to a problem and

8    facilitate its resolution." *Id*.

9    In *Griffin v. Arpaio*, the Ninth Circuit held that an inmate failed to exhaust his claim

10   because the inmate did not provide prison officials with notice of the problem. Specifically, the

11   inmate filed an administrative complaint requesting a ladder because he had fallen trying to access

12   his upper bunk. 557 F.3d at 1118. While the administrative complaint was pending, a nurse issued

13   the inmate an order for a lower-bunk assignment. *Id*. at 1118–19. Prison officials responded to the

14   inmate's administrative complaint by stating that the nurse's order resolved the problem. *Id*. at

15   1119. The inmate then appealed the denial of his administrative complaint but did not mention that

16   prison staff were disregarding the nurse's order; rather, the inmate continued to request a ladder.

17   *Id*. The inmate later filed a civil rights complaint alleging that prison staff were disregarding the

18   nurse's order. *Id*. The Ninth Circuit concluded that the inmate had failed to exhaust this claim

19   because the inmate "did not provide notice of the prison staff's alleged disregard of his lower bunk

20   assignments." *Id*. at 1121. Rather than providing such notice, the inmate repeatedly demanded a

21   ladder. *Id*. Accordingly, the inmate's administrative complaint "did not 'provide enough

22   information . . . to allow prison officials to take appropriate responsive measures.'" *Id*. at 1121

23   (quotation omitted).

24   Similarly, in *Sapp v. Kimbrell*, an inmate filed administrative complaints about the denial

25   of medical treatment for his eye condition. 623 F.3d at 824. The inmate then filed a civil rights

26   complaint alleging that prison officials denied the inmate medical treatment for his eye condition,

27

16

28   Case No. 16-CV-04347-LHK
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY
     JUDGMENT

United States District Court
Northern District of California

denied the inmate a review of his medical records, and improperly screened out the inmate's administrative complaints seeking medical care. *Id*. The Ninth Circuit concluded that the inmate had not exhausted the claims regarding the inmate's review of his medical records and screening out the inmate's administrative complaints seeking medical care because the inmate's administrative complaints did not mention these claims. *Id*.

Additionally, in *Kimbro v. Miranda*, the Ninth Circuit concluded that an inmate's grievances, which alleged that the inmate had been denied medication on several dates, did not exhaust administrative remedies for the inmate's denial of medication on September 9, 2008, a date that was not mentioned in the grievances. 735 F. App'x 275, 279 (9th Cir. 2018). The Ninth Circuit rejected the inmate's "continuing violation" theory, which "argue[d] that other grievances alleging denial of medication are sufficient to exhaust the September 9, 2008 denial of medication." *Id*. The Ninth Circuit reasoned that, because the grievances did not discuss the September 9, 2008 denial of medication, "they were insufficient to put prison officials on notice of the denial of medication on September 9, 2008, [and] to allow them 'to take appropriate responsive measures' to correct [the] problem.'" *Id*. (quoting *Griffin*, 557 F.3d at 1121).

Similarly, United States District Judge Edward M. Chen of the Northern District of California, who as stated above originally presided over the instant case, held in another First Amendment retaliation case brought by the instant Plaintiff against another prison staff member that Plaintiff had failed to exhaust. *Patkins v. Ferguson*, 2020 WL 978649, at *6–*9 (N.D. Cal. Feb. 28, 2020). In that case, Plaintiff contended that "an inmate appeal that mentions one act of retaliation suffices to exhaust other, unmentioned acts of retaliation." *Id*. at *6. Judge Chen rejected the argument and concluded that Plaintiff's "inmate appeals that mentioned retaliation generally and some specific acts of retaliation did not suffice to exhaust administrative remedies for other specific acts of retaliation that were not mentioned in the inmate appeals." *Id*. at *7.

Applying *Kimbro*'s principle, the Court also concludes that Plaintiff must exhaust each alleged retaliatory act. Below, the Court addresses in turn each of the ten claims that Defendants

17

United States District Court
Northern District of California

1    contend were not exhausted.

2         **1.  Claim 2**

3         Plaintiff alleges that, on February 4, 2015, Lisk "fabricated lies that Plaintiff was dirty,

4    contaminating the food." Compl. at 8–9. Defendants contend that this claim is not mentioned in

5    any of Plaintiff's administrative complaints. Mot. at 11. Plaintiff does not contend otherwise. The

6    Court agrees with Defendants that this claim is not mentioned in any of Plaintiff's administrative

7    complaints. Because Plaintiff failed to exhaust this claim in his administrative complaints, the

8    Court GRANTS Defendant's motion for summary judgment on Claim 2.

9         **2.  Claim 5**

10        Plaintiff alleges that Lisk allegedly told other inmate culinary workers that they would only

11   get one state issued lunch because Patkins had filed a complaint. Compl. at 8. Defendants contend

12   that this claim is not mentioned in any of Plaintiff's administrative complaints. Mot. at 11.

13   However, at the second level of appeal, CTF-15-00206 alleged that Lisk was "sowing discord"

14   and creating the "potential" that Plaintiff would face violence from his coworkers. Compl. Exh. A

15   at 2. At the third level of appeal, Plaintiff's appeal of the decision on CTF-15-00206 alleged that

16   "Lisk used food to [in]furiate culinary inmates to inflict violence on me, pointing out" that other

17   inmates would not receive food because Plaintiff had filed an administrative complaint against

18   Lisk. Compl. Exh. A at 4. The Court concludes that these administrative complaints were

19   sufficient to alert the prison to the problem. *See Griffin*, 557 F.3d at 1121 (concluding that a

20   grievance is sufficient if it "alerts the prison to the nature of the wrong for which redress is

21   sought") (quotation omitted).

22        Defendants also allege that CTF-15-00206 could not have exhausted this claim because

23   Lisk allegedly was retaliating against Plaintiff for filing his first administrative complaint. Mot. at

24   11–12. However, Plaintiff asserts that Lisk retaliated against Plaintiff for drafting an

25   administrative complaint, not for filing it. Indeed, Plaintiff alleges that Plaintiff threatened that he

26   would file an administrative complaint against Lisk, which could have made Lisk aware that

27

28   Case No. 16-CV-04347-LHK
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY
     JUDGMENT

United States District Court
Northern District of California

18

Plaintiff was drafting an administrative complaint. Compl. at 7 (alleging that Plaintiff threatened that he would file an administrative complaint against Lisk).

Viewing the evidence in the light most favorable to Plaintiff, which the Court must do on summary judgment, *Leslie*, 198 F.3d at 1158, Plaintiff exhausted this claim. *See Albino*, 747 F.3d at 1166 (holding that, "[i]f material facts [on failure to exhaust] are disputed, summary judgment should be denied"). Therefore, the Court concludes that Plaintiff exhausted Claim 5.

### 3.  Claims 6 and 14

Plaintiff alleges that, on February 7 to 9, 2015, and on March 10, 2015, Plaintiff was denied access to work. Compl. at 9–10. Defendants contend that Plaintiff included these claims in his administrative complaint at the third level of appeal, but not at the second level of appeal. Mot. at 6–14.  The Court agrees. Although Plaintiff raised these claims at the third level of appeal on CTF-15-00206, Plaintiff never raised these claims at the second level of appeal. *See* Compl. Exh. A at 4 (alleging at the third level of appeal that Plaintiff was denied access to work from February 7 to 9, 2015 and on March 10, 2015). An inmate must raise a claim at each level of appeal in order to exhaust his claim. *See* Cal. Code. Regs., tit. 15, §§ 3084.1(b), 3084.7(d)(3). Although the Court could find that Plaintiff exhausted if prison officials had overlooked Plaintiff's failure to raise this claim at the second level of appeal and addressed this claim on the merits at the third level of appeal, prison officials did not address this claim at the third level of appeal. *Cf. Reyes v. Smith*, 810 F.3d 654, 657–58 (9th Cir. 2016) (concluding that, where prison officials decline to enforce a procedural bar and address the claim on the merits, the prisoner has exhausted because the state's interests in exhaustion have been served); *see also* Compl. Exh. A at 12 (third level appeal decision, which did not address Plaintiff's claims that he had been denied access to work). Thus, Plaintiff did not exhaust Claims 6 and 14. Accordingly, the Court GRANTS Defendants' motion for summary judgment on Claims 6 and 14.

### 4.  Claim 7

Plaintiff alleges that Lisk denied Plaintiff access to priority ducats. Compl. at 9.

19

1    Defendants contend that Plaintiff filed an administrative complaint about this claim, but Plaintiff

2    then withdrew his administrative complaint. The Court agrees with Defendants that Plaintiff filed

3    an administrative complaint about this claim, CTF-15-00440, but then withdrew his administrative

4    complaint. *See* Monroy Decl. Exh. D. Because Plaintiff withdrew his administrative complaint,

5    Plaintiff did not raise this claim at each level of appeal, as was required for exhaustion of this

6    claim. *See* Cal. Code. Regs., tit. 15, §§ 3084.1(b), 3084.7(d)(3). Thus, the Court concludes that

7    Plaintiff failed to exhaust this claim. Accordingly, the Court GRANTS Defendants' motion for

8    summary judgment on Claim 7.

9        **5.  Claim 8**

10       Plaintiff alleges that Lisk orchestrated a scenario that summoned Plaintiff's cellmate for

11   questioning by a lieutenant on March 9, 2015. Compl. at 9. Defendants contend that Plaintiff

12   raised this claim at the third level of appeal, but Plaintiff did not raise this claim at the second level

13   of appeal. Mot. at 13. The Court agrees. Plaintiff raised this claim at the third level of appeal when

14   Plaintiff appealed the decision on CTF-15-00206, but Plaintiff did not raise this claim at the

15   second level of appeal. *See* Compl. Exh. A at 4 (alleging, in Plaintiff's third level appeal, that on

16   March 9, 2015, Plaintiff's cellmate was summoned for an interview with a lieutenant). An inmate

17   must raise a claim at each level of appeal in order to exhaust his claim. *See* Cal. Code. Regs., tit.

18   15, §§ 3084.1(b), 3084.7(d)(3). Although the Court could find that Plaintiff exhausted if prison

19   officials had overlooked Plaintiff's failure to raise this claim at the second level of appeal and

20   addressed this claim on the merits at the third level of appeal, prison officials did not address this

21   claim at the third level of appeal. *Cf. Reyes v. Smith*, 810 F.3d 654, 657–58 (9th Cir. 2016)

22   (concluding that, where prison officials decline to enforce a procedural bar and address the claim

23   on the merits, the prisoner has exhausted because the state's interests in exhaustion have been

24   served); Compl. Exh. A at 12 (third level appeal decision, which did not address Plaintiff's claim

25   that Plaintiff's cellmate was summoned for an interview with a lieutenant). Thus, Plaintiff did not

26   exhaust Claim 8. Because Plaintiff failed to exhaust Claim 8, the Court GRANTS Defendants'

27

28

Case No. 16-CV-04347-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT

United States District Court
Northern District of California

1    motion for summary judgment on Claim 8.

2        **6.  Claim 12**

3        Plaintiff alleges that he was given "the worst" job assignments. Defendants contend that

4    Plaintiff did not include this claim in his administrative complaints. Mot. at 12.  However, in CTF-

5    15-00695, Plaintiff alleges that Lisk told staff "not to assign [Plaintiff] to cooking positions,"

6    which Plaintiff alleges were the best jobs in the kitchen. Compl. Exh. B. at 2. Although Plaintiff

7    may not have used the same wording, Plaintiff's administrative complaint was sufficient to alert

8    prison officials to the problem that Plaintiff was not being assigned to preferred job positions

9    because of the alleged retaliation. *See Griffin*, 557 F.3d at 1121 (concluding that a grievance is

10   sufficient if it "alerts the prison to the nature of the wrong for which redress is sought") (quotation

11   omitted). Thus, the Court concludes that Plaintiff exhausted Claim 12.

12       **7.  Claim 13**

13       Plaintiff alleges that Lisk allegedly conspired to get Plaintiff fired from his culinary job.

14   Defendants contend that Plaintiff did not raise this claim in Plaintiff's administrative complaints.

15   However, at the second level of appeal, CTF-15-00206 alleged that Lisk "lied maliciously to

16   injure" Plaintiff and get him fired from his culinary job. Compl. Exh. A at 1. At the third level of

17   appeal, Plaintiff's appeal of the decision on CTF-15-00206 alleges that "Lisk retaliated . . . to

18   [ensure] job firing." Compl. Exh. A at 3–4. The Court concludes that CTF-15-00206 was

19   sufficient to alert prison officials to the problem that Lisk was allegedly trying to get Plaintiff

20   fired. *See Griffin*, 557 F.3d at 1121 (concluding that a grievance is sufficient if it "alerts the prison

21   to the nature of the wrong for which redress is sought") (quotation omitted). Thus, the Court

22   concludes that Plaintiff exhausted Claim 5.

23       **8.  Claim 15**

24       Plaintiff alleges that, on March 10, 2015, April 10, 2015, and May 16, 2015, Plaintiff was

25   marked absent from work without pay. Defendants contend that Plaintiff never raised this claim in

26   his administrative complaints. On July 4, 2015, Plaintiff filed an administrative request at the first

27                                              21

United States District Court
Northern District of California

1    level of review and asked that his absences on April 10, 2015 and May 16, 2015 be cleared from

2    his record. Compl. Exh. F. at 1. However, the record does not reflect that Plaintiff appealed to the

3    second or third levels of review. Because Plaintiff did not raise this claim at each level of appeal,

4    as was required for exhaustion, *see* Cal. Code. Regs., tit. 15, §§ 3084.1(b), 3084.7(d)(3), Plaintiff

5    failed to exhaust this claim. Thus, the Court GRANTS Defendants' motion for summary judgment

6    on Claim 15.

7        **9.   Claim 20**

8        Plaintiff alleges that Lisk allegedly denied Plaintiff breakfast. Defendants contend that

9    Plaintiff raised this claim at the third level of appeal, but Plaintiff did not raise this claim at the

10   second level of appeal. Mot. at 13. The Court agrees. Plaintiff raised the alleged denial of

11   breakfast at the third level of appeal, but Plaintiff did not raise this claim at the second level of

12   appeal. *See* Compl. Exh. C at 3 (alleging at the third level of appeal that Lisk took Plaintiff's

13   breakfast). An inmate must raise a claim at each level of appeal in order to exhaust his claim. *See*

14   Cal. Code. Regs., tit. 15, §§ 3084.1(b), 3084.7(d)(3). Although the Court could find that Plaintiff

15   exhausted if prison officials had overlooked Plaintiff's failure to raise this claim at the second

16   level of appeal and addressed this claim on the merits at the third level of appeal, prison officials

17   did not address this claim at the third level of appeal. *Cf. Reyes v. Smith*, 810 F.3d 654, 657–58

18   (9th Cir. 2016) (concluding that, where prison officials decline to enforce a procedural bar and

19   address the claim on the merits, the prisoner has exhausted because the state's interests in

20   exhaustion have been served); Compl. Exh. C at 11 (third level appeal decision, which did not

21   address Plaintiff's claim that Lisk took Plaintiff's breakfast). Thus, Plaintiff failed to exhaust

22   Claim 20. Accordingly, the Court GRANTS Defendant's motion for summary judgment on Claim

23   20.

24       In sum, the Court GRANTS Defendants' motion for summary judgment on Claims 2, 6, 7,

25   8, 14, 15, and 20 for failure to exhaust. The Court finds that Plaintiff has exhausted the following

26   claims: Claims 5, 12, and 13.

27

28   Case No. 16-CV-04347-LHK
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY
     JUDGMENT

United States District Court
Northern District of California

22

**B.  There are genuine issues of material fact regarding whether Lisk's actions advanced legitimate correctional goals.**

Plaintiff brings one claim against Lisk for First Amendment retaliation. *See* Compl. "Within the prison context, a viable claim of first amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such conduct (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

Defendants assert that (1) the RVRs filed against Plaintiff and (2) the searches conducted on Plaintiff advanced legitimate correctional goals. Mot. at 14–20. The Court addresses the RVRs and then addresses the searches.

**1.  There are genuine issues of material fact regarding whether the Rules Violation Reports advanced legitimate correctional goals.**

In the instant case, Plaintiff alleges that Lisk issued three false RVRs against him in retaliation for threatening to file, and later filing, a staff complaint against Lisk: one filed regarding an incident on December 22, 2014 ("the December RVR"); another filed regarding an incident on April 5, 2015 ("the April RVR"); and another filed regarding an incident on July 19, 2015 ("the July RVR"). Compl. at 7, 10, 11. Defendants assert that the RVRs advanced legitimate correctional goals, including preventing prisoners from taking food. Mot. at 14–18.

However, Defendants' argument does not acknowledge Plaintiff's contention that the RVRs were unfounded and thus did not advance a legitimate correctional goal. *See* Compl. at 7 (alleging that Lisk "inflicted a false rules violation report"), 10 (alleging that Lisk "inflicted another false RVR"), 11 (alleging that Lisk "again inflicted a false RVR"); *Patkins*, 2017 WL 4773372, at *3 ("[T]here does not appear to be any legitimate correctional goal served by falsifying disciplinary charges.").[1] The Court concludes that there are genuine disputes of material

---

[1] For similar reasons, Judge Chen rejected a similar argument that Lisk made in her motion to dismiss the instant case. *See Patkins*, 2017 WL 4773372, at *3 ("C/O Lisk argues that the complaint fails because there was a legitimate penological goal for the three RVRs. In her view,

Case No. 16-CV-04347-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

1   fact as to whether each of the RVRs advanced a legitimate correctional goal. The Court addresses

2   each RVR in turn.

3   First, the December RVR, which charged Plaintiff with theft of state food, alleges that Lisk

4   had told kitchen workers that they could take only one lunch out of the dining hall, but Lisk

5   observed Plaintiff with a lunch bag full of food items. Compl. Exh. A at 6. At the hearing on the

6   December RVR, Ramirez, who was the cook on duty that day, testified that he had permitted the

7   kitchen workers, including Plaintiff, to take leftover food. *Id*. at 8. Another inmate testified that,

8   based on Ramirez's permission, multiple inmates took leftover food. *Id*. at 7. Plaintiff alleges that

9   Lisk stopped the other inmates and "made them go back inside and get rid of the extra food"

10  without giving them an RVR and that Lisk filed an RVR only against Plaintiff. *Id*. at 7. The

11  hearing officer found Plaintiff not guilty of theft of state food based on the testimony of Ramirez,

12  "who testified in the hearing that he gave inmates, including [Plaintiff], leftover/extra food and

13  they were told they should eat it in the culinary, because it is up to the officer if they want to let

14  them take it out." *Id*. at 8. However, the hearing officer concluded that Plaintiff was guilty of the

15  lesser offense of failure to follow instructions/orders because Plaintiff "failed to follow Officer

16  Lisk's instructions to only take one (1) state lunch out of the culinary." *Id*. at 8.

17  The Court concludes that there is a genuine issue of material fact regarding whether the

18  December RVR advanced a legitimate correctional goal. Indeed, evidence in the record supports

19  Plaintiff's contention that the December RVR did not serve a legitimate correctional goal. For

20  instance, Sergeant Sandoval, Defendants' expert witness, who was the Culinary Sergeant in charge

21  of CTF's North, South, and Central culinary facilities, testified in his deposition that facility staff

22  at CTF "could provide an inmate permission to remove food from the culinary department" and "it

23  would not be a rule violation." Sandoval Decl. ¶ 1; Marshall Decl. Exh. B at 11–13. At the hearing

24  on the December RVR, two of Plaintiff's witnesses testified that Plaintiff was given permission to

---

she was preventing food theft, as shown by the three RVRs. Her argument ignores the fact that
[Plaintiff] alleges that each of the three RVRs was false.")

Case No. 16-CV-04347-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT

United States District Court
Northern District of California

take the leftover food. *Id*. at 7. Based on that testimony, Plaintiff was found not guilty of theft of state food. *Id*. at 8. All of this evidence suggests that the December RVR may have been unfounded and thus did not advance a legitimate correctional goal. Therefore, Plaintiff has created a genuine issue of material fact regarding whether the December RVR served a legitimate correctional goal.

Second, the April RVR charged Plaintiff with refusing to obey orders. Compl. Exh. B at 5. The April RVR alleges that Lisk saw a cart with a pan with powdered sugar. *Id*. When Lisk walked towards the cart, Plaintiff allegedly stepped in front of the cart to block Lisk from the cart. *Id*. Lisk allegedly asked Plaintiff to step away from the cart twice, but Plaintiff allegedly did not move until asked by another official, Hart. *Id*. Lisk then allegedly asked Hart about what Plaintiff's job was that day, and Hart allegedly responded that Plaintiff had a job that was not near the cart. *Id*. According to Plaintiff, Lisk issued the April RVR to Plaintiff because Plaintiff filed a grievance against Lisk on April 7, 2015. *Id*. Furthermore, at the hearing, Hart testified that Plaintiff's job did require him to be near the cart. *Id*. at 8. Moreover, at the conclusion of the hearing, the hearing officer found Plaintiff not guilty of refusing to obey orders based on the conflicts between Lisk's allegation and Hart's testimony. *Id*.

The Court concludes that there is a genuine issue of material fact regarding whether the April RVR advanced a legitimate correctional goal. Indeed, Plaintiff testified that the April RVR was false. *Id*. at 7. Moreover, Lisk's allegations supporting the April RVR conflicted with Hart's testimony. *Id*. at 8. Finally, the hearing officer found Plaintiff not guilty of refusing to obey orders because of the conflicts between Lisk's allegations and Hart's testimony. *Id*. Moreover, the Court notes that the April RVR was filed by Lisk on April 11, 2021, just 4 days after Plaintiff filed a second administrative complaint against Lisk. *Id*. at 1, 5. All of this evidence suggests that the April RVR was unfounded and thus did not serve a legitimate correctional goal. Therefore, Plaintiff has created a genuine issue of material fact regarding whether the April RVR served a legitimate correctional goal.

Case No. 16-CV-04347-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Finally, the July RVR charged Plaintiff with possession of unauthorized food products. Compl. Exh. D at 1. Lisk alleged that she saw Plaintiff bagging food. *Id*. Lisk alleged that she asked Hart whether he had given the food to Plaintiff, and Hart said he had not. *Id*. At the hearing on the July RVR, Plaintiff testified that Hart allowed him and the other prisoners to divide up leftover food amongst themselves, but, after Lisk saw Plaintiff's food, Hart told Lisk that he had not given the leftover food to Plaintiff. *Id*. at 2. Plaintiff was not permitted to call any witnesses. *Id*. The hearing officer found Plaintiff guilty of theft of state products. *Id*.

The Court concludes that there is a genuine issue of material fact regarding whether the July RVR advanced a legitimate correctional goal. As explained above, Sergeant Sandoval, Defendants' expert witness, who was the Culinary Sergeant in charge of CTF's North, South, and Central culinary facilities, testified that facility staff could give inmates permission to take food from the culinary department. Marshall Decl. Exh. B. at 11–13. Moreover, Sergeant Sandoval testified that, if multiple inmates took the same action, they should not be treated differently. *Id*. at 14. Although Lisk alleged that Hart said that Hart had not given leftover food to Plaintiff, Plaintiff testified at the hearing on the July RVR that Hart had allowed Plaintiff and the other prisoners to take leftover food and later told Lisk that Hart had not given Plaintiff leftover food. *Id*. at 2. Moreover, Plaintiff was not permitted to call any witnesses, such as other inmates, who could potentially support Plaintiff's testimony. *Id*. This evidence suggests that the July RVR was unfounded because Plaintiff had permission to take the food and was singled out for punishment. Thus, the Court concludes that Plaintiff has created a genuine issue of material fact regarding whether the RVRs advanced legitimate correctional goals.

### 2. There are genuine issues of material fact regarding whether the searches advanced legitimate correctional goals.

Plaintiff alleges that Lisk subjected him to excessive searches. Compl. at 6. Specifically, Plaintiff alleges that Lisk searched Plaintiff 3 to 4 times a day during times that interfered with his job and without doing comparable searches on other inmates. *Id*. Defendants contend that Lisk's searches advanced legitimate correctional goals, including locating, confiscating, and discouraging

26

United States District Court
Northern District of California

contraband. Mot. at 20–21.

However, Defendants' argument does not acknowledge Plaintiff's contention that, rather than being general searches for contraband, Lisk's alleged searches were designed to single Plaintiff out and interfere with his job. As Sergeant Sandoval, Defendants' expert and the former Culinary Sergeant in charge of CTF's North, South, and Central culinary facilities, testified, correctional officers cannot search inmates "as a tool of harassing an inmate." Marshall Decl. Exh. B. at 9. Indeed, Plaintiff alleges that he was searched 3 to 4 times a day, but other inmates were not subject to 3 to 4 searches a day. Compl. at 6. Furthermore, Plaintiff was allegedly subject to these searches during the time he was at work. *Id*. Additionally, Defendants do not explain why Plaintiff would need to be searched 3 to 4 times a day or why Plaintiff would need to be singled out. Defendants contend that Plaintiff "was well known as a thief." Mot. at 21. However, Defendants do not cite any evidence supporting this conclusion. Moreover, Plaintiff provides evidence that contradicts this conclusion– the hearing officer's finding, following a hearing on the December 2014 RVR, that Plaintiff was not guilty of food theft. Accordingly, the Court concludes that there are genuine issues of material fact regarding whether Lisk's alleged searches of Plaintiff advanced legitimate correctional goals.

### C. There are genuine issues of material fact regarding whether the alleged retaliatory acts are sufficient to support a First Amendment retaliation claim.

In addition to contending that 10 of Lisk's alleged retaliatory acts were unexhausted and 4 advanced legitimate correctional goals, Defendants next contend that Lisk's remaining alleged retaliatory acts are insufficient to support a First Amendment retaliation claim. Mot. at 20–24. Defendants specifically focus on: (1) Lisk's alleged verbal abuse and evil eye stares; (2) Lisk's alleged interference with Plaintiff's job; and (3) Lisk's alleged denial of lunches to Plaintiff. Mot. at 20–24.

However, there are two problems with Defendants' argument. First, the Court must consider Lisk's alleged retaliatory acts together, not in isolation. Second, some of the alleged retaliatory acts to which Defendants point would be sufficient to support a First Amendment

27

United States District Court
Northern District of California

1  retaliation claim. The Court addresses each issue in turn.

2      First, when a plaintiff brings a First Amendment retaliation claim, courts do not consider

3  the retaliatory acts in isolation, but rather view them together. *See, e.g.*, *Coszalter v. City of Salem*,

4  320 F.3d 968, 976–77 (9th Cir. 2003) (reversing grant of summary judgment for defendants on

5  First Amendment retaliation claim because "taken together, it is clear that [defendants'] acts

6  amounted to a severe and sustained campaign of employer retaliation that was 'reasonably likely

7  to deter' plaintiffs from engaging in speech protected under the First Amendment"); *White v. Lee*,

8  227 F.3d 1214, 1228–29 (9th Cir. 2000) (considering, on summary judgment, whether several acts

9  by several defendants constituted retaliation in violation of the First Amendment); *Villery v. Jones*,

10  2017 WL 5354904, at *4 (E.D. Cal. Nov. 13, 2017) (considering alleged retaliatory acts aimed at

11  prisoner together); *Hampton v. Steen*, 2017 WL 11573592, at *12 (D. Ore. Nov. 13, 2017) ("None

12  of plaintiffs' alleged adverse actions are capable, on their own, of supporting plaintiffs' First

13  Amendment retaliation claim. But [the court] must also consider the aggregate effect of the

14  alleged actions—whether, when taken together, they might have the combined effect of chilling a

15  person of ordinary firmness . . . .").

16      Accordingly, even assuming that some of these actions would be insufficient in isolation,

17  the Court considers them together. In the instant case, Plaintiff's allegations detail that Lisk

18  allegedly engaged in a pattern of retaliation over nearly a year. *See* Section I(A), *supra*. Lisk's acts

19  of retaliation included filing three unfounded RVRs against Plaintiff. *See* Section III(B)(1), *supra*.

20  Lisk also allegedly conducted excessive searches on Plaintiff. *See* Section III(B)(2), *supra*. In

21  addition, Lisk allegedly tried to incite the other inmates in the culinary department to violence

22  against Plaintiff. Compl. at 8; Blanton Decl. ¶¶ 2–3. Additionally, Lisk allegedly interfered with

23  Plaintiff's job, including by conspiring to get him fired. Compl. at 7, 9, 10, 12. Finally, Lisk

24  allegedly denied Plaintiff lunches on numerous occasions. Compl. at 7, 10, 11; Kela Decl.

25  Considering all of these allegations, the Court concludes that Plaintiff has created a genuine issue

26

27                                                        28

28  Case No. 16-CV-04347-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT

1    of material fact on whether Lisk retaliated against Plaintiff in violation of the First Amendment.[2]

2            Second, some of the alleged retaliatory acts to which Defendants point could be sufficient

3    on their own to provide the basis for a First Amendment retaliation claim. For example,

4    Defendants contend that the denial of Plaintiff's lunches "would not arise to the level of a

5    Constitutional violation." Mot. at 23–24. However, the Ninth Circuit has concluded that the denial

6    of even a single meal can provide the basis for a First Amendment retaliation claim. *See Watison*

7    *v. Carter*, 668 F.3d 1108, 1116 (9th Cir. 2012) (concluding that the plaintiff had stated a First

8    Amendment retaliation claim when he alleged that the defendant refused to give him breakfast).

9    Accordingly, the Court concludes that Plaintiff has created a genuine issue of material fact on

10   whether Lisk retaliated against Plaintiff in violation of the First Amendment.

**D. Expungement of Plaintiff's Rules Violation Reports may be available as an equitable remedy to Plaintiff.**

12           In the instant case, one of the forms of relief Plaintiff is seeking is the expungement of his

13   RVRs. *See* Compl. at 13; ECF No. 52 ("Supp. Compl.") ¶ 5. Defendants contend that the Court

14   cannot expunge Plaintiff's RVRs. Mot. at 18–20; Reply at 10–12.

15           A court may award equitable relief to an inmate bringing a Section 1983 claim so long as

16   the relief "would not necessarily lead to [the inmate's] immediate or earlier release from

17   confinement." *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016). Under this standard,

18   equitable relief can include expungement of a prisoner's disciplinary history "because the

19   expungement of the challenged disciplinary violation would not necessarily lead to a grant of

20   parole" under California law. *Id*. Under California law, disciplinary violations are "merely one of

21   the factors shedding light on whether a prisoner 'constitutes a current threat to public safety'" or is

22   eligible for parole. *Nettles*, 830 F.3d at 935 (quotation omitted). "Because the parole board has the

23   authority to deny parole 'on the basis of any of the grounds presently available to it,' . . . the

United States District Court
Northern District of California

---

[2] Judge Chen rejected a similar argument that Lisk made at the motion to dismiss stage: "[A]lthough C/O Lisk views each RVR as a stand-alone event – as though all alleged ill-feelings between her and Mr. Patkins disappeared after each one – the complaint alleges an ongoing series of retaliatory incidents." *Patkins*, 2017 WL 4773372, at *2.

Case No. 16-CV-04347-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1    presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of

2    an infraction compel the grant of parole." *Id.* (quotation omitted). Thus, in *Nettles v. Grounds*, the

3    Ninth Circuit held that an inmate in California may seek expungement of disciplinary records

4    because the expungement would not necessarily lead to a grant of parole. *Id.* This holding permits

5    Plaintiff to seek expungement of his disciplinary records in the instant case.

6            Defendants contend that expungement is only appropriate where the court "finds a due

7    process violation." Reply at 14.[3] However, the Ninth Circuit has concluded that expungement may

8    be an appropriate remedy even when the court has not found a due process violation. *See Quillar*

9    *v. Cal. Dep't of Corr.*, 393 F. App'x 429, 431 (9th Cir. 2010) (reversing the district court's grant

10   of summary judgment where the prisoner sought expungement of his disciplinary records based on

11   a violation of his rights under the Religious Land Use and Institutionalized Persons Act).

12   Moreover, other district courts have concluded that the plaintiff stated a claim where the plaintiff

13   sought expungement of disciplinary records based on First Amendment retaliation. *See, e.g.*,

14   *Miranda v. Swift*, 2018 WL 4110500, at *2 (N.D. Cal. Aug. 28, 2018) (concluding that, where the

15   plaintiff brought a First Amendment retaliation claim and sought expungement of an RVR, the

16   plaintiff had stated a claim); *Jordan v. Robesky*, 2018 WL 6177262, at *3 (C.D. Cal. May 3, 2018)

17   (denying motion to dismiss prisoner's complaint seeking expungement of disciplinary records

18   based on First Amendment retaliation claim). Accordingly, the Court concludes that expungement

19   may be available to Plaintiff.[4]

20

21   [3] To support this proposition, Defendants cite *Burnsworth v. Gunderson*, 179 F.3d 771 (9th Cir. 1999), and *Garrot v. Glebe*, 640 F. App'x 540 (9th Cir. 2015). However, *Gunderson* stands for the

22   proposition that "a district court commits error if it orders expungement of a disciplinary conviction after concluding that defendants had not violated plaintiff's rights." *Gunderson*, 179

23   F.3d at 773. In the instant case, the Court concludes that there are genuine issues of material fact as to whether Lisk violated Plaintiff's rights by retaliating against him in violation of the First

24   Amendment. *See* Section III(C), *supra*. *Garrot* holds that a prisoner who alleged that officials made false accusations against him had not stated a procedural due process claim. *Garrot*, 640 F.

25   App'x 540, 542 (9th Cir. 2015). However, that case did not involve false accusations that were part of a pattern of retaliation, nor did it involve a First Amendment retaliation claim.

26   [4] Defendants assert that any request to expunge Plaintiff's April RVR is moot because the April RVR was automatically expunged due to the dismissal of the April RVR. Mot. at 19. However,

27   Plaintiff's Complaint requests to expunge only the December and July RVRs. Compl. at 12

28   Case No. 16-CV-04347-LHK
     ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY
     JUDGMENT

**E. Lisk is not entitled to qualified immunity.**

Defendants finally contend that Lisk is entitled to qualified immunity. Mot. at 24–25. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine whether an official is entitled to qualified immunity, a court must (1) "decide whether the facts that a plaintiff has alleged . . . or shown . . . make out a violation of a constitutional right," and then (2) "decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id*. at 232 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). The Court addresses each step in turn.

**1.   The facts shown by Plaintiff make out a violation of the First Amendment.**

Defendants contend that Lisk did not violate Plaintiff's constitutional rights. Mot. at 24. In making this argument, Defendants rely on their previous arguments. Specifically, Defendants contend that "[t]he disciplinary actions were based on fact, were admitted to by [Plaintiff], and reasonably advanced . . . legitimate correctional goals" while the "[s]earches for contraband discourage theft and possession of contraband." *Id*. However, as explained above, *supra* section III(B), there is a genuine issue of material fact regarding whether the RVRs and the searches advanced legitimate correctional goals. Defendants next reiterate their argument that the acts of retaliation alleged by Plaintiff "did not rise to the level of a Constitutional violation." *Id*. However, as explained above, *supra* section III(C), the pattern of retaliatory acts alleged by Plaintiff is sufficient to create a genuine issue of material fact.

**2.   The First Amendment right was clearly established at the time of Lisk's acts.**

Defendants next contend that Plaintiff's constitutional rights were not clearly established. Mot. at 24–25. However, at the time of Lisk's alleged retaliation against Plaintiff, it was "clearly

---

("Plaintiff is seeking to expunge 2 false RVR's").

Case No. 16-CV-04347-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

established law in the Ninth Circuit that prison officials could not retaliate against prisoners for exercising their First Amendment rights." *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Indeed, in a similar case, the Ninth Circuit denied qualified immunity to prison officials who allegedly retaliated against an inmate who filed administrative complaints and threatened to file civil litigation in 2012. *Entler v. Gregoire*, 872 F.3d 1031, 1043 (9th Cir. 2017) (denying immunity to prison officials because "we cannot conclude that a reasonable official would not have understood that disciplining [the plaintiff] for threatening to file a civil suit was constitutionally impermissible."). Because a reasonable officer was on notice in 2012 that disciplining an inmate for filing administrative complaints was constitutionally impermissible, a reasonable official would have been on notice of this in 2014, when Lisk allegedly retaliated against Plaintiff. Thus, Lisk is not entitled to qualified immunity.[5]

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion for summary judgment.

Specifically, the Court GRANTS Defendants' motion for summary judgment as to the following retaliatory acts:

- On February 4, 2015, Lisk allegedly "fabricated lies that Plaintiff was dirty, contaminating the food. (Claim 2)

- On February 7 to 9, 2015, Plaintiff was allegedly denied access to work. (Claim 6)

- Lisk allegedly denied Plaintiff access to priority ducats. (Claim 7)

- Lisk allegedly orchestrated a scenario that summoned Plaintiff's cellmate for questioning by a lieutenant on March 9, 2015. (Claim 8)

- On March 10, 2015, Plaintiff was allegedly denied access to work. (Claim 14).

- On March 10, 2015, April 10, 2015, and May 16, 2015, Plaintiff was marked absent from work without pay. (Claim 15).

[5] Judge Chen came to the same conclusion at the motion to dismiss stage. *See Patkins*, 2017 WL 4773372, at *4 (holding that Lisk was not entitled to qualified immunity).

Case No. 16-CV-04347-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

- Lisk allegedly denied Plaintiff breakfast. (Claim 20).

The Court DENIES Defendants' motion for summary judgment as to the following retaliatory acts:

- Lisk allegedly bullied Plaintiff. (Claim 1).

- Lisk allegedly gave Plaintiff "constant evil looks." (Claim 3).

- Lisk allegedly conducted unreasonable searches on Plaintiff. (Claim 4).

- Lisk allegedly told other inmate culinary workers that they would only get one state issued lunch because Patkins had filed a complaint. (Claim 5).

- Lisk allegedly issued a false RVR against Plaintiff on December 22, 2014. (Claim 9).

- Lisk allegedly issued a false RVR against Plaintiff on April 11, 2015. (Claim 10).

- Lisk allegedly issued a false RVR against Plaintiff on July 30, 2015 (Claim 11).

- Plaintiff was given the worst job assignments. (Claim 12).

- Lisk allegedly conspired with an inmate culinary clerk to get Plaintiff fired. (Claim 13)

- Lisk allegedly told Plaintiff to leave work. (Claim 16).

- Plaintiff's pay was allegedly decreased. (Claim 17).

- Lisk denied Plaintiff lunches. (Claim 18)

- On April 5, 2015 and April 7, 2015, Lisk denied Plaintiff a lunch. (Claim 19).

**IT IS SO ORDERED.**

Dated: April 23, 2021

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

Case No. 16-CV-04347-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT